1  David C. Grant (SBN 053635)
   Ronald V. Larson (SBN 180073)
2  Vincent A. Shang (SBN 260892)
   GRANT, GENOVESE & BARATTA, LLP
3  2030 Main Street, Suite 1600
   Irvine, CA 92614
4  Telephone: (949) 660-1600
   Facsimile: (949) 660-6060
5  Email:     dcg@ggb-law.com
              rvl@ggb-law.com
6             vas@ggb-law.com

7  Attorneys for Defendants, Michael S. Marix,
   Michael S. Marix as Trustee of the Marix Family
8  Trust; the Marix Family Trust

**NOTE CHANGES MADE BY THE COURT**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| NFT PARCEL A LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL S. MARIX, an individual; MICHAEL S. MARIX, as Trustee of the Marix Family Trust Under Declaration of Trust Dated as of October 12, 2000, as Amended by Michael S. Marix, its Sole Trustee; the MARIX FAMILY TRUST UNDER THE DECLARATION OF TRUST DATED AS OF OCTOBER 12, 2000, AS AMENDED BY MICHAEL S. MARIX, ITS SOLE TRUSTEE; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. EDCV09-827 VAP (VBKx)<br><br>Judge: Virginia A. Phillips<br>Crtm.: 2<br><br>Complaint filed: March 30, 2009<br>Trial date     : March 9, 2010<br><br>AMENDED<br>**PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT** |

///

PROTECTIVE ORDER

In accordance with Local Rules 7-1 and 52-9 of the United States District Court, Central District, and pursuant to the parties' stipulation,

**IT IS HEREBY ORDERED:**

### PROTECTIVE ORDER

1. <u>Definition of "Confidential" Information.</u> "Confidential" information shall mean documents produced by Defendants regarding Defendants' financial records, including, but not limited to, information regarding real property, personal property, electronic chattel paper, negotiable instruments or like instruments, securities, deposit accounts, real safe deposit boxes, accounts receivable, intangible property, final money judgments, personalty in estates of decedents, or any other disclosed information that the Defendants label **"Confidential"** or otherwise notifies Plaintiffs in writing that the information is **confidential**. "Confidential" material shall be conspicuously marked as such. For written material, the legend "Confidential" shall be stamped on each page. For deposition testimony or other oral material, a statement shall be made on the record and by written designation of confidential portions of the transcript within thirty (30) days of the receipt of the transcript by the designating person.

2. <u>Effect of Designation as "Confidential."</u> That the information contained in the documents or items produced by Defendants in connection with the above-entitled action that are stamped with the word "confidential" may contain private financial information, proprietary business information, information subject to a legally protected right of privacy, or the trade secrets of some of the parties in this litigation. Such documents containing "confidential" information or items shall not be divulged, shown, disclosed, discussed, revealed, summarized, or in any way communicated to: (1) to any expert witness or consultant retained by any party or its attorney who has not agreed in writing to be bound by this Protective Order; and (2) to any third party, either a person or an entity, without the written consent of the parties or the attorneys for the parties or

1

further order of this court. Such information should be protected pursuant to this Stipulated Protective Order on the grounds the information constitutes private financial information, proprietary business information, information subject to a legally protected right of privacy, trade secrets, or information which would reveal such party's confidential research or development information.

3. <u>Permissible Use of "Confidential" Information.</u> That documents containing "confidential" information or items produced pursuant to this Protective Order shall be solely used for prosecuting, defending, or attempting to settle this litigation. "Prosecuting" includes, but is not limited to, attaching Defendants' assets in connection with any Right to Attach Orders issued in this litigation. "Confidential" documents can be used at trial, in any summary judgment/adjudication motions that may be filed, and in any appeal that may be filed in this action.

4. <u>Prohibited Distribution.</u> That documents containing "confidential" information or items pursuant to this Protective Order shall not be used by the parties hereto for business or competitive purposes, or for any purpose whatsoever other than for prosecuting, defending, or attempting to settle this litigation.

5. <u>Limited Reproduction of "Confidential" Information.</u> That working copies or file copies of documents containing "confidential" information or items produced pursuant to this Protective Order can be made for: (1) the attorneys (including paralegals, law clerks or other support personnel necessary for preparation for trial and/or trial) for the parties; (2) the parties themselves; and (3) experts and/or consultants retained by the parties who have agreed in writing to be bound by this Protective Order. These copies are to be used exclusively in connection with the above captioned action. Any copies or other methods of reproduction of the documents made pursuant to this Order shall be stored and/or handled by the above listed persons in a manner which will prevent the unauthorized disclosure thereof.

6. <u>Objections to and/or Disputes about "Confidential" Designations.</u> Disputes regarding the treatment of "confidential" materials under this Stipulation and Protective

Order include, without limitation, designation of material, disclosure to persons, restrictions on access, and sealing of court papers, shall be resolved through the procedure described herein. In the event of a dispute, the disputing party shall notify, in writing, counsel for the producing or disclosing person of the nature of his, her, or its position with respect to the dispute. Within five (5) business days of receipt of such notice, or at such later time as counsel may agree in writing, counsel shall confer in a good faith effort to resolve the issues in dispute. If counsel are unable to resolve such issues, either party may apply to the Court on a noticed motion for a resolution of the dispute.

7. <u>Attorney Use.</u> That each expert, agent, representative or consultant who is permitted by any attorney for the parties to view, examine, scan or otherwise inspect the documents containing "confidential" information or items pursuant to this Protective Order shall agree in writing to be bound by this Protective Order. A copy of this Protective Order shall also be delivered to each of the above listed persons by the attorneys for the parties.

8. <u>Witnesses.</u> Nothing in this Protective Order shall prevent any witness whose deposition is taken in this action or who testifies at trial from being shown or reviewing documents designated as "confidential," provided that all such witnesses agree in writing to be bound by the terms of this Protective Order. When any testimony or documents that are designated "confidential" are incorporated into a transcript of a deposition, hearing or other proceeding, arrangements shall be made with the Court and/or any Court reporters to bind the confidential portions of the transcript separately, to label those portions "confidential" and to allow access to the transcripts (and any copies) only as provided for in this Protective Order.

9. <u>Use in Deposition.</u> That documents containing "confidential" information or items pursuant to this Protective Order, which are used as deposition exhibits or in other discovery or discovery and/or pre trial motions, shall be marked in accordance with paragraphs 1 and 2. Any deposition transcript or portion thereof filed or lodged

3

PROTECTIVE ORDER

with the court containing "confidential" information or items as an exhibit shall be filed and/or lodged under seal pursuant to paragraph 10.

10. <u>Disclosure to the Court.</u> The Parties will seek the court's approval to file under seal any motions or other filings containing documents designated as "confidential." Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

11. <u>Prohibited Distribution.</u> That no party to this action, attorneys for the parties (including law clerks, paralegals or other support personnel necessary for preparation for trial and/or trial), experts retained by the parties or the attorneys for the parties, agents or representatives of the parties, will make copies or other types of reproductions, other than working copies or file copies for the persons described in paragraph 8, of any document containing "confidential" information or items made or produced pursuant to this Protective Order.

12. <u>Mistake.</u> Documents unintentionally produced without designations as "confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

13. <u>Court Relief.</u> Any party, entity or person covered by this Protective Order may at any time apply to the Court for relief from any provision of this Protective Order.

14. <u>Privilege.</u> Nothing in this Protective Order shall require disclosure of any documents, materials, or information that a party to this Protective Order contends are protected from disclosure by the attorney-client privilege or attorney work product, or shall constitute a waiver of any other objection a party to this Protective Order may have to the form of any discovery governed hereby.

15. <u>Otherwise Acquired Documents.</u> This Protective Order shall not apply to or limit the party's use of documents that were lawfully obtained by the parties independent of this action.

16. <u>Return.</u>  That all documents produced by the parties pursuant to this Protective Order, and any copies, lists or summaries thereof, shall be returned to the party who produced such documents after trial and/or other final resolution of the above entitled action, unless these documents are introduced as evidence or exhibits at the time of trial.

**IT IS SO ORDERED:** *Not applicable to trial proceed,*

DATED: October 7, 2009 ~~August __, 2009~~

_____
MAGISTRATE JUDGE OF THE UNITED
STATES DISTRICT COURT

**NOTE CHANGES MADE BY THE COURT**